Meghan O. Lambert
CA Bar ID No.: 258040
Osterhout Berger Disability Law
521 Cedar Way, Suite 200
Oakmont, PA 15139
Telephone: (412) 794-8003
Facsimile: (412) 794-8039
meghan@mydisabilityattorney.com
Attorney for Plaintiff, Andrea Overend

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREA OVEREND, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> LINCOLN LIFE ASSURANCE ) <br> COMPANY OF BOSTON, ) <br> ) <br> Defendant. ) | Civil Action No.: **'21CV1225 DMS AGS** <br><br> COMPLAINT |

The Plaintiff, ANDREA OVEREND, sues the Defendant, LINCOLN LIFE ASSURANCE COMPANY OF BOSTON (hereinafter "LINCOLN") and states:

1. This is an action for legal and/or equitable relief under the Employee Retirement Income Security Act (ERISA), 29 U.S.C. § 1001 et seq.

2. This Court has jurisdiction pursuant to 29 U.S.C. § 1132(e) and (f).

3. At all times material hereto, Plaintiff was a resident of San Diego County, Oceanside, California.

Page **1**

**COMPLAINT**

4. Plaintiff was an employee of Wells Fargo & Company.

5. At all times material hereto, Plaintiff is and/or was a participant in the Wells Fargo & Company's Group Disability Policy (hereinafter "LTD Plan").

6. At all times material hereto, Defendant LINCOLN, a corporation licensed to do business in the State of California, was charged with making the final benefits determinations at issue under the LTD Plan, including the determinations made on Plaintiff's claim.

7. The Plan was funded through a contract of insurance issued originally by Liberty Life Assurance Company of Boston, which, upon information and belief, LINCOLN was formerly known as.

8. Lincoln pays claims from its own general assets.

9. The LTD Plan contains the following definition of disability:

*"Disability* II *or "Disabled" means:*

*1. For persons other than pilots, co-pilots, and crewmembers of an aircraft:*

*i.   that during the Elimination Period and the next 24 months of Disability the Covered Person, as a result of Injury or Sickness, is unable to perform the Material and Substantial Duties of his Own Occupation; and*
*ii.  thereafter, the Covered Person is unable to perform, with reasonable continuity, the Material and Substantial Duties of Any Occupation.*

10. By letter dated July 29, 2019, LINCOLN approved Plaintiff's claim for LTD benefits with an onset date of disability of July 19, 2018 and payment beginning January 17, 2019.

11. Plaintiff's benefits were approved pursuant to the Mental Illness and/or Substance Abuse Limitation which limits benefits due to a Mental Illness to 24 months.

12. By decision dated March 30, 2020, LINCOLN determined that Plaintiff did no longer met the definition of disability as defined in the LTD Plan beyond March 30, 2020 and terminated the payment of benefits.

13. Plaintiff requested reconsideration of the March 30, 2020 decision and LINCOLN affirmed the decision by letter dated March 31, 2021. This affirmation was final and binding and LINCOLN informed Plaintiff that she had a right to bring a legal action under ERISA.

14. With respect to all claims made herein, Plaintiff has exhausted any and all administrative remedies provided under the Plan.

**CAUSE OF ACTION – COUNT ONE**

**(Violation of Section 502 (a)(1)(B) Against Defendant LINCOLN)**

15. The Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 14, inclusive.

16. Plaintiff has met the definition of Disabled within the meaning of the LTD Plan and is entitled to disability as of the termination of her LTD benefits and through the present.

17. Defendant LINCOLN, since the termination of her benefits has failed and refused to pay Long Term disability benefits to Plaintiff and such failure and refusal constitutes an improper denial of benefits pursuant to a disability plan governed by ERISA.

18. The decision denying the Plaintiff the rights and benefits due under the Plan was arbitrary, illegal, capricious, unreasonable, discriminatory and not made in good faith. The decision is not supported by substantial evidence and arises from an erroneous application of the Plan and federal law.

19. The decision denying Plaintiff the rights and benefits under the Plan was made without a full and fair review of all of the evidence submitted by Plaintiff in support of her appeal.

20. As a direct and proximate result of LINCOLN'S s actions, the Plaintiff has sustained damages and such damages will approximate the amount of benefits payable to the Plaintiff under the terms of the Plan.

21. Plaintiff has been required to obtain the services of the undersigned attorney in this matter and has agreed to a reasonable attorney fee as compensation

to him for his services. Pursuant to 29 U.S.C. § 1132(g) Plaintiff is entitled to a reasonable attorney's fee and costs of action.

## CAUSE OF ACTION – COUNT TWO

### (Violation of Section 502 (a)(1)(B) Against Defendant LINCOLN)

22. The Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 21, inclusive.

23. LINCOLN approved and paid LTD benefits January 17, 2019 through March 30, 2020.

24. Pursuant to the LTD Plan Plaintiff was entitled to a Gross Benefit of approximately $8,348.07.

25. For the period January 17, 2019 through March 30, 2020 LINCOLN offset Plaintiff's benefits in the amount of approximately $5,113.26 each month due to a supposed receipt of California State disability payments.

26. Plaintiff continually provided information to LINCOLN evidencing the fact that her California State disability payments ended as of November 4, 2018.

27. LINCOLN never made an administrative decision regarding Plaintiff's notice of an underpayment of benefits.

28. Plaintiff met the definition of Disabled within the meaning of the LTD Plan and was entitled to disability payments that did not include an offset for

California State disability payments for the time period January 17, 2019 through March 30, 2020.

29. Defendant LINCOLN failed and refused to pay the correct amount of Long Term disability benefits to Plaintiff and such failure and refusal constitutes an improper denial of benefits pursuant to a disability plan governed by ERISA.

30. As a direct and proximate result of LINCOLN'S s actions, the Plaintiff has sustained damages and such damages will approximate the amount of benefits that were withheld by LINCOLN for the time period January 17, 2019 through March 30, 2020.

31. Plaintiff has been required to obtain the services of the undersigned attorney in this matter and has agreed to a reasonable attorney fee as compensation to him for his services. Pursuant to 29 U.S.C. § 1132(g) Plaintiff is entitled to a reasonable attorney's fee and costs of action.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, ANDREA OVEREND, asks this Court to enter judgment against defendant LINCOLN, finding that:

(a) Plaintiff met the definition of Disabled under the LTD Plan as of March 31, 2020 and through the present;

(b) Plaintiff is entitled to Long Term disability benefits from March 31, 2020 through the present;

(c) Plaintiff was entitled to Long Term disability benefit payments without any reduction for California State disability payments for the time period January 17, 2019 through March 30, 2020.

(d) An award reasonable attorney's fees and costs incurred in this action is proper; and

(e) Any such other and further relief this Court deems just and proper, including but not limited to a declaration that Plaintiff's same claim for benefits continues after the last date of benefits awarded by the Court, without need to file a new application for benefits, and remanding Plaintiff's claim to LINCOLN for further action to address continuing benefits after the final date of benefits awarded by this Court.

Respectfully submitted,

July 7, 2021
DATE

/s/ **Meghan O. Lambert**
Meghan O. Lambert, Esquire
Attorney for Plaintiff, Andrea Overend
Email: meghan@mydisabilityattorney.com